FILED
SUPERIOR COURT
OF GUAM

2013 APR 23 AM 11: 13

CLERK OF COURT

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM** | ) **CRIMINAL CASE NO. CM540-09** |
| | ) |
| | ) **DECISION AND ORDER** |
| v. | ) |
| | ) **(Defendant's Motion to Dismiss** |
| | ) **Under <u>People v. Rasauo</u>)** |
| **DANIEL CLINTON FEJERANG** | ) |
| **DOB: 11/03/1987** | ) |
| **Defendant.** | ) |

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on January 23, 2013, on Daniel Clinton Fejerang's ("Defendant") Motion to Dismiss Under <u>People v. Rasauo</u>. Assistant Public Defender Jocelyn M. Roden represented Defendant. Assistant Attorney General David Rivera appeared on behalf of the People of Guam ("the People"). Following the hearing, the Court took the matter under advisement. Upon review of the oral and written arguments, and legal authorities presented by both parties, the Court issues its Decision and Order **GRANTING** Defendant's motion.

## BACKGROUND

Defendant was arrested on two counts of Terrorizing on August 8, 2008. See <u>Declaration</u> (Jul. 9, 2009). Following his arrest, Defendant was given a citation and notice to appear in the Superior Court of Guam on July 29, 2009, at 9 a.m., or upon summons if summoned to appear sooner to answer to the offenses charged. On July 9, 2009, a Complaint

was filed charging the Defendant with the following: (1) Disorderly Conduct (as a Petty Misdemeanor) and (2) Harassment (as a Petty Misdemeanor) (2 counts). Complaint (Jul. 9, 2009). On July 29, 2009, Defendant failed to appear at the scheduled arraignment. Consequently, a bench warrant was issued. Bench Warrant (Aug. 3, 2009). On October 26, 2012, Defendant was brought before the Court for a Return of Bench Warrant. Thereafter, Defendant was arraigned on November 7, 2012.

## DISCUSSION

Defendant moves the Court to dismiss the instant case. Defendant argues that "[despite there being a warrant issued for him,] the fact remains that the return of warrant hearing could have been done much earlier because the Defendant already was reporting to Probation for another case, CF488-09." Def.'s Mot to Dismiss Under People v. Rasauo at 2 (Dec. 26, 2012). As a result, Defendant "was not arraigned until November 7, 2012, beyond 60 days after the Complaint was filed." *Id.* Furthermore, Defendant argues that "there is not good cause to justify the three year delay in executing the bench warrant." *Id.* "Defendant's whereabouts were known to the Probation Officer where the Defendant regularly reported." *Id.*

The People oppose Defendant's motion. "[Defendant's] motion is based entirely on procedural grounds." People's Opp'n Mot. at 1 (Dec. 31, 2012). "What is left for this court is to determine where [sic] or not there was good cause for the delay between the filing of the complaint in Fejerang's case and his arraignment. The People argue that here good cause for the delay should be found, and therefore that dismissal is inappropriate." *Id.* at 4. The People contend that "Fejerang was notified of a hearing date upon his release from GPD custody, and that he did not appear on that date. There has been nothing provided by Fejerang which would appear to indicate that this failure to appear was in any way not 'willful.'" *Id.* at 6. The People

also argue that "on this particular issue that both the Marshals and Probation are instrumentalities under the direction of the judicial branch of the government of Guam. These organizations do not share the same advisory relationship with the People as the Guam Police Department. On these bases, any action (or inaction) on the part of the Marshals or Probation cannot be attributed to the People." *Id.* at 7. Alternatively, the People contend that if the case were to be dismissed, it should be done without prejudice.

"An arraignment is the first or preliminary step in the progress of a trial and occurs in the early stages of the proceedings." *People v. Julian*, 2012 Guam 26 ¶ 20. "At arraignment, a defendant is read the charges of the complaint, called to answer the accusation contained in the complaint, and is provided a copy of the complaint before taking a plea." *Id.* (citing 8 GCA § 60.10(b)).

Guam law relative to arraignments provides:

(a) The defendant shall be arraigned **promptly** after the indictment or information is filed or after the complaint is filed where prosecution by complaint is required by § 1.15.
(b) Arraignment shall be conducted in open court and shall consist of reading the indictment, information or complaint to the defendant or stating to him the substance of the charge and calling on him to plead thereto. The defendant shall be given a copy of the indictment, information or complaint before he is called upon to plead.

8 GCA § 60.10 (emphasis added).

The Supreme Court of Guam held that "unless good cause is shown, a Complaint shall be dismissed where a defendant is not promptly arraigned within 60 days of the filing of the Complaint." See *People v. Rasauo*, 2011 Guam 14 ¶ 14. This Court notes that *Rasauo II* articulated that "compliance with this new standard continues to require a case by case analysis of whether or not the specific circumstances of any given case show good cause for delay beyond the 60 day period normally required to comply with law." *Rasauo II* ¶ 14. "Under 8

GCA § 80.60, the term good cause is not statutorily defined." *People v. Julian*, 2012 Guam 26 ¶ 21. "Rather, good cause is defined through case law and determined by the facts and circumstances of each case." *Id.* The holding in *Rasauo II* is designed to provide a baseline standard, and not bind the hands of the trial court in cases where deviation from this baseline is judged to be appropriate. *Rasauo II* ¶ 14.

The Complaint herein was filed on July 9, 2009. Defendant was not arraigned until November 7, 2012. Over three years passed between the filing of the Complaint and Defendant's arraignment. On its face, the time period between the filing of the complaint and the arraignment is violative of the 60 day rule announced in *Rasauo II*. However, "[t]he scheduling of [a] hearing past sixty days does not automatically violate prompt arraignment under 8 GCA § 60.10(a) and [the Supreme C]ourt's holding in *Rausauo II* because good cause may still exist for the delay in not arraigning a defendant within sixty days from the filing of the complaint." *People v. Julian*, 2012 Guam 26 ¶ 28. Because the Court scheduled the arraignment on July 29, 2009, following the filing of the complaint, the Court finds that the original scheduling date was well within the sixty days. The issue now before the Court is whether good cause existed for the over three year time frame between the filing of the Complaint and the Defendant's eventual arraignment on November 7, 2012.

The Court first recognizes that Guam law requires that a summons shall issue upon filing of the criminal complaint. The specific statutory provision reads as follows:

> (a) If it appears from the complaint and the affidavits filed therewith that there is probable cause to believe that an offense has been committed and that the defendant has committed it, the judge **shall issue a summons** for the appearance of the defendant.

8 GCA § 15.20(a)(2005)(emphasis added).

In the instant case, the record is devoid of any summons issued following the filing of the complaint. Defendant was only given a Citation and Notice to Appear after his arrest on August 8, 2008. See Declaration (Jul. 9, 2009). In other cases reviewed by this Court, an Affidavit of Non-Service of summons filed by our Marshal's assists the Court in determining whether or not reasonable efforts were made to locate the Defendant. "In view of the difficulty of locating people in a modern society and the difficulty of proving that a defendant has been intentionally avoiding apprehension, [the lack of good faith and due diligence standard] would place an impossible burden on law enforcement and result in the dismissal of numerous cases." *State v. Greenwood*, 845 P.2d 971, 979 (Wash. 1993). Hence, where law enforcement agents demonstrate "due diligence" in attempting to contact a defendant but are unable to do so, those defendants do not accrue the benefits of the running of timing rules during periods where they are out of contact with the criminal justice system. *Id.* Here, there is no basis for the Court to make such a finding absent any summons issued in the first place.

Secondly, Defendant also had numerous cases before the Court system. In CF488-09, a Plea Agreement was entered with the Superior Court of Guam on December 15, 2009. This supports Defendant's argument that the bench warrant in the above-captioned case could have been executed earlier. Likewise, in CF488-09, Defendant was issued a bench warrant on January 13, 2011 and a Return of Bench Warrant in that case was heard on February 9, 2011. Again, the Bench Warrant with the case at bar could have been addressed at an earlier time. In light of this information, for purposes of prompt arraignment under 8 GCA § 60.10(a) and *Rasauol II* delay the court's delay will be attributed to the People. See *People v. Julian*, 2012 Guam 26 ¶ 22. Accordingly, the Court does not find good cause to excuse the delay from the

filing of the complaint to the Defendant's arraignment.  For that reason, this case is dismissed without prejudice.

**CONCLUSION**

By preponderance of the evidence and based on the foregoing reasons, the Court GRANTS Defendant's Motion to Dismiss Under People v. Rasauo.  This case is hereby dismissed without prejudice.

**SO ORDERED** this _23_ day of APRIL, 2013.


                    HONORABLE ANITA A. SUKOLA
                    Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

APR 2 3 2013

Jerry T. Guerrero
Deputy Clerk, Superior Court of Guam